UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 11-76-C**

**KEVIN CUA,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**PILOT TRAVEL CENTERS, LLC, ET AL.,** **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

The matter is before the court on plaintiff Kevin Cua's motion to remand and for attorney's fees. R. 6. For the reasons below, this court will grant the motion to remand but deny the motion for attorney's fees.

Cua filed an action in Hardin Circuit Court against Pilot Travel Centers, LLC, and Nancy Sarver, the general manager of a Pilot location in Hardin County, Kentucky. Cua's claims against Cua and Pilot stem from a personal injury which was allegedly caused by a foreign substance on the floor at the Pilot location. Specifically, Cua makes claims against Sarver for negligence based on breach of duty to: design and construct the property in a safe manner; implement protocols to promptly discover, eliminate and warn invitees of dangerous conditions; inspect the property for dangerous conditions and to follow those protocols and take reasonable action to ensure that the property was safe and free of defect; warn plaintiff, in an effective and meaningful manner, of the existence of a dangerous or hazardous condition upon the property; and adequately train and supervise persons under her control to inspect, warn, and prevent dangerous conditions upon the property. Defendants timely removed this action to federal court.

1

Actions removed under diversity jurisdiction "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (West, 2011). Since Sarver is a Kentucky resident, the action would not be removable under 28 U.S.C. § 1441(b). However, fraudulent joinder will not bar removal. *See Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).

Inquiry into the defendants' claim of fraudulent joinder is less searching than one triggered by a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hix v. Affiliated Computer Servs.*, No. 08-521, 2009 WL 2240548, *2 (E.D. Ky. July 27, 2009) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992)). "Therefore, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." *Id*. at *2. This court declines to make any analysis as to the sufficiency of Cua's pleading.

Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir.1999). "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (1999). All disputed questions of fact and ambiguities in the controlling state law must be resolved in favor of the non-removing party. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999); *Alexander*, 13 F.3d at 949. "All doubts as to the propriety of removal are resolved in favor of remand."

*Boladian v. UMG Recordings, Inc.*, 123 F.App'x 165, 168 (6th Cir.2005) (unpublished).

Defendants have included in the record the affidavit of Sarver, in which she states that she was "not present at the time" of the alleged accident and was therefore "not responsible for supervision of employees" present at the time. R. 9-1 at 1. She also states she is not responsible for the "design or construction of the property," "for writing protocols for safety," or for training employees at that location. *Id.* Since Cua has presented no evidence to the contrary, the assertions contained in the affidavit are assumed to be true. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-8 (1921).

This court looks to state law to determine whether Cua could establish a colorable claim. Under Kentucky law, a "negligence action requires: (1) a duty on the part of the defendant; (2) a breach of that duty; and (3) consequent injury." *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992) (citing *Illinois Central R.R. v. Vincent, Ky.*, 412 S.W.2d 874, 876 (1967)). An owner of commercial premises holds a full duty of reasonable care to a business invitee on its property. See *McDonald v. Talbott*, 447 S.W.2d 84, 86 (Ky.Ct.App.1969). An employee whose negligent act created the liability may be joined as a defendant. *Enos v. Ky. Distilleries & Warehouse Co.*, 189 F. 342, 346 (6th Cir. 1911); *Brewer Machine v. Old National Bank*, 248 F.R.D. 478, 481 (W.D.Ky. 2008). *See also Conn v. Markwest Hydrocarbon, Inc.*, No. Civ. A. 05-67, 2006 WL 782728, *5 (E.D.Ky. 2006) ("The employee can owe a duty to third parties that arises from and is dependent upon his particular position for the employer."). Cua may assert claims against Sarver for a breach of duty she had in her

3

capacity as general manager.

Cua has asserted a colorable claim against Sarver. The assertions in the affidavit of Nancy Sarver, which are assumed to be true, may prevent Cua from recovering under some of his claims regarding a duty. However, the affidavit does not address Cua's claim that Sarver had a duty to "implement protocols to promptly discover, eliminate and warn invitees of dangerous conditions. . . ." R. 1-2 at 4. Cua asserts that a general manager has the duty of making sure safety policies are followed by staff. Sarver's affidavit does not address her duties and whether or not she was responsible for making sure staff followed safety procedures. Resolving all disputed questions of fact in favor of Cua, *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994), Cua has a colorful claim against Sarver, and this court will grant the motion to remand.

Cua is not entitled to attorney's fees. A court may, with its order of remand, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). While the case was not removable under 28 U.S.C. § 1441(b), defendants removed based on their assertion that Sarver was fraudulently joined. While this court will grant the motion to remand, it does not see the defendant's argument for removal as sufficiently weak to warrant awarding attorney fees. Further, the removal has not significantly delayed the instant case, nor have there been any discovery expenses. Therefore, this court will not grant the motion for

attorney's fees.

Accordingly,

**IT IS ORDERED** that the motion to remand (R. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion for attorney fees (R. 6) is **DENIED**.

.

Signed on  May 12, 2011

**Jennifer B. Coffman, Judge**
**United States District Court**